# Chandler *v.* Kyle, *et al.*

*Bill to Enjoin Foreclosure and Marshal Securities.*

(Decided January 30, 1912.   57 South. 475.)

1. *Marshaling Assets; Security; Rights.*—Being a pure equity, the right to marshal securities is never applied to work injustice, and is confined to cases where two or more persons are creditors of the same debtor, and have successive demand upon the same property.

[Chandler v. Kyle, et al.]

2. *Same; Right to Exoneration.*—Where one of two joint debtors is equitably entitled to have the whole debt discharged by the other to his exoneration, his equity may be enforced by, and for the benefit of his creditors.

3. *Principal and Surety; Existence of Relation.*—Where a firm executed a mortgage on property belonging to the firm and on the individual property of one of the partners, to secure a debt owing by the firm, the partner owning the individual property was not a surety as to the other partners, but a principal, although the firm gave the individual owner a certificate showing that the debt secured by the mortgage was a firm debt, and that the individual property was merely used as a collateral and that the firm will protect him from loss.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

William Chandler as a junior mortgagee filed his bill against T. S. Kyle and others, senior mortgagee to enjoin foreclosure, and to marshal securities. The court sustained a demurrer to the bill and complainant appeals. Affirmed.

GEORGE D. MOTLEY for appellant. If one joint mortgagor in order to protect his interest pays a joint debt he is subrogated to the interest of the joint mortgagor until he is paid.—*Newbold v. Smart,* 67 Ala. 326; 1 Jones on Mortgages, 878. After the debt has become due a surety may file a bill to compel the principal to pay it, and after foreclosure he may bring bill to redeem, or without first paying the entire debt, compel the application of the principal's property to its payment. —*Gresham v. West,* 79 Ala. 192. The right to contribution is undoubted.—*Bragg v. Patterson,* 85 Ala. 233. The junior may compel the senior creditor to exhaust the funds on which he alone holds a lien before resorting to the other fund.—*Turner v. Flinn,* 67 Ala. 529; *Henderson v. Horton,* 72 Ala. 32. Complainant had a right under the facts alleged in the bill to have the securities marshaled.—*Robinson v. Lehman,* 72 Ala.

401; 17 Ves. 520; 1 Story's Tq. secs. 633, 641 and 643; 13 Ill. 41; 19 Ore. 153; 93 Tenn. 296.

O. R. HOOD, for appellee. See in connection with this case the case of *Bramlett v. Kyle,* 168 Ala. 325. This is really not a bill for marshaling assets or securities, as it is invoked against the doubly secured creditor, but not against the common debtor as it should be.—*Blakemore v. Wise,* 64 Am. St. Rep. 738. Relief will not be given if it will delay or inconvenience the paramount encumbrancer in the collection of his debt or prejudice him in any manner.—6 Pom. sec. 866; 3 Brick. Dig. 354. Bramlett is appellant's sole debtor while Bramlett & Sullivan are the joint and several debtors of Kyle, and this is pointed out by the agreement.—*Robinson v. Lehman,* 72 Ala. 404; 6 Pom. sec. 867; 71 Am. Dec. 136; 5 L. R. A. 274, and authorities supra. The leading case on marshaling securities in Alabama is *Gusdors v. Thelheimer,* 75 Ala. 148, citing *Coker v. Shropshire,* 59 Ala. 542.

SOMERVILLE, J.—The bill was filed by a junior mortgagee against a senior mortgagee for the purpose of marshaling securities, and a temporary injunction was issued forbidding the respondent from proceeding with the foreclosure of his mortgage as to the mortgagor's homestead, which was a part of the security in each of the mortgages. The main prayer of the bill is that the respondent be required to first sell a certain livery stable lot, a part of his security and not included in complainant's mortgage, before resorting to the property common to both mortgages.

Demurrers to the bill on various grounds filed by the respondent Kyle, and also a motion to dissolve the injunction for want of equity in the bill, were sustained, and the appeal is from this decree.

The material facts are as follows: J. M. Sullivan and L. W. Bramlett were engaged in the livery business under the firm name of Sullivan & Bramlett, and this firm, being indebted in the sum of $7,000 and interest, secured by a mortgage on their livery stable lot and some individual property of Bramlett's borrowed $7,500 from Amos E. Goodhue for the purpose of paying off said firm debt, and the money was so applied. To secure the payment of this loan, J. M. Sullivan and wife, and L. W. Bramlett and wife, executed a joint note and mortgage to the lender. This mortgage included the said livery stable lot and also the homestead lot of Bramlett, and contained the following recital: "The note mentioned herein and this mortgage are given to secure a loan of money made by the said Amos E. Goodhue to the said J. M. Sullivan and L. W. Bramlett. The livery stable lot described above is owned jointly by the said J. M. Sullivan and L. W. Bramlett, and the other property is owned individually by the said L. W. Bramlett, but it is intended that all the property herein conveyed shall secure the whole indebtedness." At the time of giving the mortgage to secure the original debt of $7,000 which was signed by L. W. Bramlett, a certificate was given to said Bramlett by the firm of Sullivan & Bramlett that the debt was a firm debt; that the individual property of Bramlett was merely used as collaterial security; and that the said firm would protect him from all loss by reason of thus using his property. The bill also alleges that Bramlett is insolvent and unable to pay complainant's debt; that the other property in complainant's mortgage, a boiler and engine, is insufficient to pay said debt; and that the livery stable lot is sufficient to pay respondent's debt in full without resorting to the Bramlett homestead, the allegation being, on information and belief, that

said stable is worth $12,000. T. S. Kyle, the respondent, became the owner of the Goodhue mortgage by assignment, and was proceeding to sell the Bramlett homestead thereunder when this bill was filed on July 1, 1910. J. M. Sullivan is joined as a codefendant to the bill, but L. W. Bramlett, the common debtor, is not made a party.

The right to marshal securities is a pure equity, the nature and extent of which has been clearly defined by this court. It is never applied so as to work injustice or inequality, and is confined to cases where two or more persons are creditors of the same debtor, and have successive demands upon the same property, the one prior in right having other securities.—*Robinson v. Lehman*, 72 Ala. 401, 404. In the case cited, directly pertinent to the facts of this case, the court approved the following statement of the law: "We have gone this length: If A. has a right to go upon two funds, and B. upon one, having both the same debtor, and the funds are the property of the same person, A. shall take payment from that fund to which he can resort exclusively, so that both may be paid. But it was never said that, if I have a demand against A. and B., that a creditor of B. shall compel me to go against A., without more. If I have a demand against both, the creditors of B. have no right to compel me to seek payment from A., if not founded in some equity, giving B., for his own sake, as if he were surety, etc., a right to compel me to seek payment of A. It must be established that it is just and equitable that A. ought to pay in the first instance, or there is no equity to compel a man to go against A., who has resort to both funds."—Per Lord Eldon, in *Ex parte Kendal*, 17 Vesey, 520. A full discussion of the law of marshaling will be found in the note to *Aldrich v. Cooper*, 2 Wh. & Tud. Leading Cases in Equity (4th

Am. Ed.) 228-238, and a statement of this principle on pages 273-277, where the authorities are cited.

This rule is not denied by appellant, but his theory seems to be that on the facts of this case his debtor, Bramlett, is entitled to have J. M. Sullivan, or the firm of Sullivan & Bramlett, pay off the Kyle debt; and that through Bramlett, or by reason of his relation to the debt, appellant has acquired the asserted right to marshal the securities.

Where one of two joint debtors is equitably entitled to demand that the whole debt shall be discharged by the other to the exoneration of himself, the equity may be enforced by and for the benefit of his separate creditors. In such case their equity is precisely that of the debtor, and is worked out through it alone.—*Lloyd v. Galbraith*, 32 Pr. 103; *Gearhart v. Jordan*, 11 Pa. 325; *Neff v. Miller*, 8 Pa. 347; *Ex parte Kendal, supra.*

A year or more before the filing of the instant suit L. W. Bramlett filed his bill against Kyle to enjoin the very foreclosure proceeding here dealt with, and to compel Kyle to proceed against the joint property of Sullivan & Bramlett, for the exoneration of Bramlett's homestead. On appeal to this court it was held on the identical facts here presented, that Bramlett was not as to Sullivan a surety merely, but a joint principal; the result not being influenced by the indemnity agreement from Bramlett & Sullivan to Bramlett on the occasion of creating the first indebtedness of $7,000. We need not here repeat the reasoning upon which that conclusion was founded. Suffice it to say that that decision is decisive of the question here, and defeats the claim of Bramlett's suretyship.—*Bramlett v. Kyle et al.*, 168 Ala. 325, 52 South. 926. And with the claim of suretyship must fall also the attendant equities of subrogation, marshaling, and exoneration.

It results that the bill is without equity, and complainant is not entitled to any relief against the respondent with respect to the matters shown.  The decree of the chancellor is therefore affirmed.

Affirmed.  All the Justices concur, except DOWDELL, C. J., not sitting.