178 So. 892

### HARPER et al. v. TATE.

#### 8 Div. 865.

Supreme Court of Alabama.

Feb. 10, 1938.

D. P. Wimberly and H. O. Weeks, both of Scottsboro, for appellants.

Brown, Scott & Dawson, of Scottsboro, for appellee.

**KNIGHT, Justice.**

The purpose of the bill in this cause can be better understood by setting out here its prayer:

"* * * And that upon a final hearing on the pleadings and proof, your Honor will hold and decree that the transactions hereinabove set out amounts to and constitutes a redemption by the estate of S. N. Harper of the lands conveyed by the respondent, Mrs. Nannie B. Skelton, to the respondent, Elbert Harper; or that said transactions amount to an extinguishment of the mortgage against said lands so far as the same effects the lands hereinabove referred to as belonging to your complainant; and that the Court will reform the deed so executed and make it, in fact, a deed of redemption and not a statutory deed so far as the same effects the lands of your complainant; and decree that the title to the lands hereinabove described as belonging to your complainant are free of any and all incumbrances due on any of the mortgages hereinabove, set out, and that the respondents nor any of them have any right, title or interest in and to the lands hereinabove described as belonging to her nor any incumbrance thereon. She submits to this Court and prays for general relief."

The respondent, Nannie B. Skelton, duly appeared and disclaimed any interest in the lands, or matters attempted to be litigated.

The respondent Elbert Harper, joined by certain other respondents, demurred to the bill, assigning numerous grounds, among them the general demurrer that the bill was without equity.

It appears from the averments of the bill that in the year 1917 one S. N. Harper was the owner of a certain tract of land described as follows: The northwest quarter of the northwest quarter of section 18, township 6, south of range 6 east, in Jackson county, Ala.; that on January 26, 1917, the said S. N. Harper and wife, to secure an indebtedness of $1,600, executed and delivered to J. F. Washington a mortgage on said forty-acre tract and other lands then owned by them; that on January 21, 1931, the said S. N. Harper and wife, to secure an indebtedness of $1,811.71 due and owing to R. S. Skelton, executed to said Skelton a mortgage on certain other lands in said county; and that thereafter the mortgage given by said S. N. Harper and wife to said Washington was duly transferred to said R. S. Skelton. Each of said mortgages was duly recorded in the office of the judge of probate of Jackson county, the first-mentioned mortgage was recorded on February 7, 1917.

It further appears from the bill that S. N. Harper and wife, after the execution and recordation of the mortgage given by them to said Washington, sold and conveyed to J. M. Harper the lands described as the northwest quarter of the northwest quarter of section 18, township 6 south of range 6 east, and which were conveyed by the mortgage to Washington. This deed warranted the title "against all claims whatever."

It further appears that after the death. of S. N. Harper, and the maturity of the indebtedness secured by the Washington mortgage, Mrs. Nannie B. Skelton, as executrix of the last will and testament of said R. S. Skelton, sold the lands conveyed by said mortgage, which included the above-described forty acres, under the power of sale in said mortgage, and at this foreclosure sale she became the purchaser of all the lands. Later she, as such executrix, also foreclosed the mortgage given to the said R. S. Skelton by said S. N. Harper and wife in 1931, and became the purchaser at the foreclosure sale.

The complainant avers that "by Mesne Conveyances, your Petitioner is now the owner of the legal title to said lands" (meaning the above-described forty-acre tract). But how or when she became such owner is nowhere disclosed by the bill. On the contrary, the bill shows she was not the owner of the legal title.

The bill also avers that Mrs. Nannie B. Skelton conveyed to the appellant Elbert Harper certain of the lands so purchased by her, including the above-mentioned forty acres, to be held by him in trust for the heirs of the said S. N. Harper. But it appears that this conveyance was made and executed more than two years after the foreclosure of said Washington mortgage.

It is charged that this conveyance was made pursuant to an agreement entered into

between Mrs. Skelton and the respondents, heirs of said S. N. Harper, in December, 1936, or January, 1937, but within the period allowed for redemption.

There are other averments in the bill which we do not deem it necessary to state in detail.

From the foregoing, it is evident that at most the complainant, by mesne conveyances, acquired title to the forty acres of land subject to the mortgage\given by S. N. Harper and wife to Washington, and which mortgage was subsequently transferred to R. S. Skelton. Complainant's interest in the land, as against the Washington mortgage, was the equitable right to redeem the property by paying off the mortgage, which included the right to require the mortgagee, or transferree, to first offer for sale, and sell the other property conveyed by the mortgage, in exoneration of the forty acres sold to complainant, if this could be done without injustice or inequality. Chandler v. Kyle et al., 176 Ala. 184, 57 So. 475; Gusdorf & Co. v. Ikelheimer & Co., 75 Ala. 148. This equity of redemption the complainant suffered to be cut off and destroyed by the foreclosure of that mortgage. With the mortgage foreclosed, she then had left in her only the statutory right of redemption. This statutory right of redemption she never at any time attempted to assert or enforce. It became barred on January 10, 1937.

At the time Mrs. Skelton conveyed the property to Elbert Harper, the complainant was entirely without any kind of interest, right, or title thereto or therein. So far as the complainant's rights were concerned, Mrs. Skelton could have made any disposition she desired of the property.

The bill nowhere charges any 'fraud in the transaction detailed in the bill, either against Mrs. Skelton or any of the respondents. What they did was wholly within their rights and involved no invasion of any right of this complainant.

In principle, this case is controlled by our recent case of Upchurch v. West, 234 Ala. 604, 176 So. 186, 187.

As a bill for reformation and to quiet title it is wholly without equity.

We are of the opinion that the bill in all its aspects is without equity, and the court erred in overruling the demurrers thereto.

The decree of the court a quo is reversed, and one here rendered sustaining the demurrers.

The complainant is allowed twenty days within which to amend her bill, if she is so advised.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.